UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| BRUCE LEE HUDSON, #299312, )<br>a/k/a Bruce Lee Hudson, #101021, )<br>a/k/a Bruce L. Hudson, )<br>                                              )<br>           Plaintiff,            )<br>                                              )<br>           -vs-                  )<br>                                              )<br>                                              )<br>RICHLAND HOSPITAL, BAPTIST )<br>HOSPITAL, POLLY SMITH, Baptist )<br>Hospital Employee, TRISTAN NEVILLIE, )<br>Baptist Hospital Employee, BECKY )<br>BOUDE, Richland Hospital Employee, )<br>JENNIFER LATHAM, Richland Hospital )<br>Employee, JAMES MOORE, Richland )<br>Hospital Employee, JOEY SMITH, )<br>Richland Hospital Employee, LATISHA )<br>PITTS, CPD Police Officer, MALIK )<br>HOCKETT, SCDC Officer, OFFICER )<br>SHAW, Richland County Probation, )<br>                                              )<br>           Defendant.          )<br>_____ ) | Civil Action No. 4:19-cv-1499-SAL-TER<br><br><br><br><br><br><br>**ORDER** |

      This case arises from actions allegedly taken against Plaintiff, a pro se litigant, by the various Defendants while he was hospitalized in June of 2017. Plaintiff alleges his claims are under 42 U.S.C. § 1983. Plaintiff alleges violations of his First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights. Numerous motions are currently pending. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. 636(b)(1)(A) and (B) and Local Rule 73.02 (B)(2)(e), DSC.

      Plaintiff's Motions to Appoint Guardian ad Litem or Attorney (ECF Nos. 76, 151) are **DENIED** for the same reasons set forth in ECF Nos. 45, 54. Plaintiff has failed to show any change

in circumstances that would warrant appointment of counsel or a guardian ad litem.

Plaintiff's Motion to Correct Date (ECF No. 78) is **GRANTED**.

Defendant Shaw's Motion for Extension of Time to Answer (ECF No. 79) is **GRANTED**.

Plaintiff's Motion for a More Definite Statement (ECF No. 81) from Defendant Hockett with respect to his motion to dismiss is **DENIED**.

Plaintiff's Motion for Court Advice (ECF No. 82) regarding Defendant Hockett's motion to dismiss is **DENIED**.

Plaintiff's Motion for Extension of Time (ECF No. 106) to file evidence in opposition to Defendants' Answers is **DENIED**. Defendants' Answers do not require a response. See Fed.R.Civ.P. 7.

Plaintiff's Motion for Defendant Hockett to Answer (ECF No. 112) is **DENIED**. Defendant Hockett has filed a motion to dismiss, which alters the deadline for filing a responsive pleading. See Fed.R.Civ.P. 12(a)(4).

Plaintiff's Motions to Suppress Evidence (ECF Nos. 133, 154) are **DENIED**. Plaintiff seeks to prevent Defendants from accessing his current medical records. Counsel for Defendants Smith, Neville, Latham, and Moore notified Plaintiff by letter dated June 10, 2020, that Defendants planned to serve WellPath/Columbia Regional Care Center with a subpoena for his records on June 26, 2020. Plaintiff did not file a motion to quash or any other objections prior to June 26, 2020, and thus Defendants served the subpoena as noticed. These Defendants received a copy of Plaintiff's healthcare records from WellPath/Columbia Regional Care Center on July 7, 2020, pursuant to the subpoena. Because Plaintiff filed the first motion to suppress on July 9, 2020, counsel for these Defendants has not produced a copy of the records to the Co-Defendants or Plaintiff pending a ruling

on this motion.

Plaintiff argues that his current records are not relevant to a lawsuit based on events that occurred in 2017. In his motion, Plaintiff asks the court to "deny/refuse Defendants' motion subpoena for my medical records." However, WellPath/Columbia Regional Care Center responded to the subpoena prior to Plaintiff filing the motion. Thus, Plaintiff's motion to that extent is moot. Further, Plaintiff's argument in his second motion to suppress that the medical records were "unlawfully created by false imprisonment" is without merit. All Defendants have agreed to entry of a proposed confidentiality order, which was attached as an exhibit to the response to the motion to suppress. The court will enter a protective order addressing these records.

Plaintiff's Motion for Court to Acknowledge (ECF No. 135) that he has submitted multiple exhibits showing that Defendants are "guilty" is **DENIED**.

Plaintiff's Motion for a Lawsuit Application (ECF No. 136) is **GRANTED** to the extent the Clerk's Office is directed to send Plaintiff the requested document. The court makes no finding with respect to the viability of any claim Plaintiff intends to assert therein.

**IT IS SO ORDERED.**

                                                s/Thomas E. Rogers, III
                                                Thomas E. Rogers, III
                                                United States Magistrate Judge

September 16, 2020
Florence, South Carolina