IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bruce Lee Hudson, #299312,<br>*a/k/a Bruce Lee Hudson, #101021*<br>*a/k/a Bruce Lee Hudson,*<br><br>Plaintiff,<br><br>v.<br><br>Polly Smith, *Baptist Hospital employee*,<br>Tristan Nevillie, *Baptist Hospital employee,*<br>Becky Boude, *Richland Hospital employee*,<br>Jennifer Latham, *Richland Hospital employee*,<br>James Moore, *Richland Hospital employee*,<br>Joey Smith, *Richland Hospital employee*,<br>Latisha Pitts, *CPD Police Officer*,<br>Malik Hockett, *SCDC Officer*,<br>Officer Shaw, *Richland County Probation*,<br><br>Defendants, | Case No.: 3:19-cv-1499-SAL<br><br><br>**OPINION AND ORDER** |

This matter is before the Court for review of the July 28, 2020 Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III (the "Report"), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.). In the Report, the Magistrate Judge recommended that Defendants Pitts, Boude, and Joey Smith be dismissed from this action without prejudice. [ECF No. 141 p.3]. Plaintiff timely filed objections to the Report. [ECF No. 147]. The time for Defendants to reply to Plaintiff's objections has expired. [ECF No. 147] (docket text). For the following reasons, the Court adopts the Report and Recommendation, ECF No. 141, in its entirety.

1

## BACKGROUND

On July 28, 2020, the Magistrate Judge issued a thorough Report, opining that this Court should dismiss Defendants Pitts, Boude, and Joey Smith without prejudice pursuant to Rule 41(b), or alternatively, Rule 4 of the Federal Rules of Civil Procedure.  [ECF No. 147 p.3-4]. The Report sets forth in detail the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.  Attached to the Report was the notice of right to file objections.  *Id.* at 5.  Petitioner filed an objection on August 10, 2020. [ECF No. 147].  Thus, the matter is ripe for review by this Court.

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b)(1).  A district court, however, is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made.  *See id.*; Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992).  In the absence of specific objections to portions of the Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).  Thus, the Court must only review those portions of the Report to which the party has made a specific written objection.  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at \*5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the pleading or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at \*1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at \*1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

## DISCUSSION

Plaintiff's objection begins with an assertion that the Court has been biased against him. [ECF No. 147]. This is not a specific objection because it does direct the Court to a specific error in the magistrate's proposed findings and recommendations. *Orpiano* 687 F.2d at 47. The objection, as it relates to bias, has the same effect as a failure to object and does not require *de novo* review. *Staley* 2007 WL 821181, at 1\*.

Plaintiff's objection goes on to state that Plaintiff cannot provide identifying information to effect service on the Defendants without representation. [ECF No. 147]. Plaintiff states that he is unable to do so because he is mentally and physically disabled, making him incapable of representing himself. *Id.* This objection does not direct the Court to a specific error in the magistrate's proposed findings and recommendations. *Orpiano* 687 F.2d at 47. Instead, it is an attempt to have the Court appoint counsel: a request that the Magistrate Judge has denied repeatedly. *See* [ECF Nos. 45, 46, 54]. The Magistrate Judge's denial of Plaintiff's motions to appoint counsel is not part of the Report and Recommendation before the Court. Therefore, the objection in its entirety is nonspecific.

The Court finds no part of the objection specific enough to warrant *de novo* review. Plaintiff's filing has the same effect as a failure to object. The Court will review the Report and Recommendation for clear error. *Howard*, 932 F.2d at 509. After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report.

## CONCLUSION

The Court hereby adopts the Report and Recommendation, ECF No. 141, in its entirety. Accordingly, Defendants Pitts, Boude, and Joey Smith are dismissed from this action without prejudice pursuant to Rule 41(b), or alternatively, Rule 4 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

IT IS SO ORDERED.

/s/Sherri A. Lydon

November 9, 2020                          Sherri A. Lydon
Florence, South Carolina                  United States District Judge