IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Bruce Lee Hudson, #299312,<br>a/k/a Bruce Lee Hudson, #101021<br>a/k/a Bruce Lee Hudson,<br><br>     Plaintiff,<br><br>v.<br><br>Polly Smith, *Baptist Hospital employee*,<br>Tristan Nevillie, *Baptist Hospital employee,*<br>Becky Boude, *Richland Hospital employee*,<br>Jennifer Latham, *Richland Hospital employee*,<br>James Moore, *Richland Hospital employee*,<br>Joey Smith, *Richland Hospital employee*,<br>Latisha Pitts, *CPD Police Officer*,<br>Malik Hockett, *SCDC Officer*,<br>Officer Shaw, *Richland County Probation*,<br><br>     Defendants, | Case No.: 3:19-cv-1499-SAL<br><br><br><br><br><br>**OPINION AND ORDER** |

  This matter is before the Court for review of the September 16, 2020 Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III (the "Report"), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.). In the Report, the Magistrate Judge recommended that the following motions be denied: Defendant Hockett's Motion to Dismiss, ECF No. 71; Plaintiff's Motions for Summary Judgement, ECF Nos. 107, 113; Plaintiff's Motion for Default Judgment as to Defendant Pitts, ECF No. 127. The Magistrate Judge recommended that Defendants Smith, Neville, Latham, and Moore's Motion to dismiss, ECF No. 144, be granted. Defendant Hockett filed timely objections to the Report. [ECF No. 162]. The time for Plaintiff to reply to Defendant's objections has expired. *Id.* (docket text). For the following reasons, the Court adopts the Report and Recommendation, ECF No. 160, in its entirety.

## BACKGROUND

On July 28, 2020, the Magistrate Judge issued a thorough Report and Recommendation. The Report sets forth in detail the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation. Attached to the Report was the notice of right to file objections. [ECF No. 160]. Defendant Hockett filed an objection on September 30, 2020. [ECF No. 162]. Thus, the matter is ripe for review by this Court.

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). A district court, however, is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See id.*; Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which the party has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues— factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments

from the pleading or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

The only party to file an objection was Defendant Malik Hockett. Therefore, the Court will review the Magistrate's recommendation for clear error without an explanation as it relates to Plaintiff's Motions for Summary Judgement, ECF Nos. 107, 113; Plaintiff's Motion for Default Judgment as to Defendant Pitts, ECF No. 127; and Defendants Smith, Neville, Latham, and Moore's Motion to dismiss, ECF No. 144. Defendant Malik Hockett makes the following specific objections: (1) Plaintiff pleads no requisite nexus between Hockett's actions and SCDC's purposes; and (2) Hockett is entitled to Eleventh Amendment immunity. The Court will review the portions of the Report to which Hockett specifically objects *de novo* in considering his motion to dismiss for failure to state a claim.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The

plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

> **I.     Plaintiff pleaded the requisite nexus between Hockett's actions and SCDC's purposes to demonstrate Hockett was acting under color of state law.**

Hockett argues that Plaintiff failed to plead sufficient factual allegations to state a plausible claim that Hockett was acting under the color of state law. [ECF No. 162 p.3]. In his objection to the Report, Hockett contends that the Magistrate Judge's reliance on *Rossignol v. Voorhaar*, and *Davidson v. Loundoun County Board of Supervisors* was misplaced in this case. *Id*. at 2; 316 F.3d 516 (4th Cir. 2003); 267 F.Supp.3d 702, 712 (E.D. Va 2017). *Rossignol* and *Loundoun* concern public officers suppressing criticism by purchasing large quantities of a local newspaper and blocking access to a website, respectively. [ECF No. 162 p.2].

Hockett maintains that cases involving police conduct are more illustrative of the requisite nexus in this case. *Id.* at 3. Specifically, Hockett relies on *Rogers v. Fuller*. 410 F.Supp. 187 (M.D. NC 1976). In *Rogers*, the District Court for the Middle District of North Carolina held that a police officer was not acting under color of state law when committing a theft on duty and in uniform. *Id.* at 192. The court reasoned that the acts were not committed in the performance of any actual or pretended duty of policemen. *Id.*

Even using the reasoning in *Rogers*, the Plaintiff in this case pleaded factual allegations to state a plausible claim that Hockett was acting under the color of state law. Plaintiff alleges that Hockett "ordered" hospital security to abuse Plaintiff. [ECF No. 56 p.16]. Unlike the allegations in *Rogers*, this allegation asserts that Hockett acted under an actual or pretended duty of a policeman. The Court finds that Plaintiff pleaded sufficient factual allegations to state a plausible claim that Hockett was acting under the color of state law. Accordingly, the Court adopts the magistrate's

finding that dismissal of Plaintiff's claim against Hockett is not appropriate at this stage of the litigation.

## II.     Plaintiff's complaint is construed as alleging a claim against Hockett in his individual capacity.

Hockett argues that he should be dismissed based upon Eleventh Amendment immunity because he is sued only in his official capacity. [ECF No. 162 p.4]. Hockett contends that, even viewing Plaintiff's complaint in the light most favorable to him, he does not allege a claim against Hockett in his individual capacity. *Id.* Further, Hockett contends that Plaintiff has foreclosed any inference that he alleges a claim against Hockett individually. *Id.* Hockett points to the following language in the amended complaint to support this argument: "under color of the law either as state employees or state actors . . . by abusing, neglecting, assaulting me . . . ." [ECF No. 56 p.16].

A Plaintiff does not have to expressly plead the capacity in which he is suing a defendant in order to state a cause of action under section 1983. *Biggs v. Meadows*, 66 F.3d 56, 60 (4th Cir. 1995). "[W]hen a plaintiff does not allege capacity specifically, the court must examine the nature of the plaintiff's claims, the relief sought, and the course of proceedings to determine whether a state official is being sued in a personal capacity." *Id.* at 61.

Here, Plaintiff does not specify whether he is suing Hockett in his individual or official capacity. *See* [ECF No. 56 p.16]. Plaintiff recites the factual allegations against Hockett and states "this order was given by state employee to hospital security maked [sic] it a state actor claim . . ." *Id.* The Court construes this language as Plaintiff's attempt to plead that Hockett was acting under the color of state law, rather than indicating that he is suing Hockett in his official capacity. Further, on page five of the complaint, Plaintiff marked the check boxes for both "Individual capacity" and "Official capacity." Taken as a whole, the complaint alleges a section 1983 claim against Hockett in his individual capacity. To the extent it also alleges claims in his official

5

capacity, those claims are dismissed with prejudice. Accordingly, the Court declines to dismiss Hockett based on Eleventh Amendment immunity because the Court determines that Plaintiff sued Hockett in his individual capacity.

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After *de novo* review of each part of the Report to which Defendant Hockett specifically objected, the Court hereby adopts the Report and Recommendation, ECF No. 160, in its entirety. Accordingly, Defendant Hockett's Motion to Dismiss, ECF No. 71, is **DENIED**; Plaintiff's Motions for Summary Judgement, ECF Nos. 107, 113 are **DENIED**; Plaintiff's Motion for Default Judgment as to Defendant Pitts, ECF No. 127, is **DENIED**; and Defendants Smith, Neville, Latham, and Moore's Motion to dismiss, ECF No. 144, is **GRANTED**.

**IT IS SO ORDERED.**

November 16, 2020
Florence, South Carolina

/s/Sherri A. Lydon
Sherri A. Lydon
United States District Judge